## MARGARET JOHNSON v. STATE.

No. A-6503. Opinion Filed June 22, 1929.
(278 Pac. 411.)

Wieck & Armstrong, for plaintiff in error.

Roy R. Carver, Co. Atty., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of selling three pints of spiked beer, the same being a spirituous and intoxicating liquor and capable of being used as a beverage, and was sentenced to pay a fine of $100 and be confined in the county jail for 30 days. The cause is now on appeal in this court.   The defendant was charged jointly with her husband, Allen A. Johnson, but the court instructed the jury to find Allen A. Johnson not guilty.

P. C. Copeland and W. W. West testifying for the state said that they were federal officials; that they visited the business place of the defendants in Tonkawa and told the defendant Allen A. Johnson that they wanted to buy some beer; he sent them into the back room where the

defendant Margaret Johnson was; they told her they wanted to buy some beer; she brought out three bottles of beer and asked them what they wanted it spiked with, whisky or alcohol; they told her whisky; thereupon the defendant filled an ordinary whisky glass with whisky and poured it into the beer, which the witnesses drank; after waiting a few minutes, they wanted three more bottles of beer, which was delivered to them by Allen A. Johnson, who filled a whisky glass with whisky and poured it into the beer; that after drinking this, they felt some effect from drinking the mixture; that they knew whisky when they saw it, smelled it, and tasted it; and that the mixture they drank was composed of whisky and near beer and was intoxicating. The witnesses testified that some people were in the room when they went in and others came in while they were there and that they were each and all served with spiked beer or whisky straight by the defendant.

The court told the jury this evidence was being admitted for the purpose of corroborating the testimony of the witnesses as to the sales of intoxicating liquor. The only question strenuously contended for is, Is the evidence insufficient to support the verdict of the jury? This court has often held that the credibility of the witnesses and the weight to be given their testimony and the sufficiency of the evidence were questions for the jury and the trial court upon motion for new trial and that this court would not disturb the verdict of the jury where there was any evidence to support the verdict.

The evidence offered by the state being sufficient to support the verdict and no fundamental errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.